AT&T Mobility Holdings B.V. v Grupo Salinas Telecom, S.A. (2025 NY Slip Op 06016)

AT&T Mobility Holdings B.V. v Grupo Salinas Telecom, S.A.

2025 NY Slip Op 06016

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Index No. 650330/20|Appeal No. 5074-5075-5076-5077-5078|Case No. 2025-02280 2025-02298 2025-02811 2025-02813 2025-02818|

[*1]AT&T Mobility Holdings B.V., Plaintiff-Respondent,
v
Grupo Salinas Telecom, S.A., et al., Defendants-Appellants, Robert W. Seiden, etc., Nonparty-Respondent. 

Kenneth Caruso Law LLC, New York (Kenneth A. Caruso of counsel), for appellants.
Quinn Emanuel Urquhat & Sullivan, LLP, New York (Adam M. Abensohn and Gregg Badichek counsel), for AT&T Mobility Holdings B.V., respondent.
Law Office of Steven J. Fink, PLLC, New York (Steven J. Fink of counsel), for Robert W. Seiden, respondent.

Orders, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 18, 2024, directing the turnover of assets pursuant to CPLR 5225(a), and appointing a receiver pursuant to CPLR 5228(a), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about June 27, 2024, which granted plaintiff's motion for a turnover order and for the appointment of a receiver, unanimously dismissed, without costs, as academic. Orders, same court and Justice, entered on or about April 10, 2025, which granted the receiver's motion to retroactively clarify the order appointing a receiver to the extent of authorizing the receiver to take possession of certain property and papers of defendants' former counsel, and to waive any privilege with respect thereto, unanimously affirmed, with costs.
The court has the discretion to appoint a receiver to enforce a judgment under CPLR 5228 based on factors including "the (1) alternative remedies available to the creditor . . . ; (2) the degree to which receivership will increase the likelihood of satisfaction . . . ; and (3) the risk of fraud or insolvency if a receiver is not appointed (Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010][internal quotation marks omitted]). All three of those factors supported appointment of a receiver in this case. First, plaintiff had limited remedies available to it in New York due to defendants' removal of assets from the United States. Second, the likelihood of satisfaction of the judgment would be increased by the receiver's ability to take steps to reach assets in Mexico. Third, defendants had expressed their intent to thwart plaintiff's collection efforts, as reflected by their post-trial transfer of assets outside the U.S. Indeed, the failure of defendants' employees, officers, and affiliates to respond to subpoenas, and their creation of other obstacles to prevent the receiver from performing his duties, further demonstrate that the facts here satisfy the third factor and the clear need for a receiver in this case.
The motion court also providently directed, under CPLR 5225(a), turnover of defendants' cash on hand and all of defendants' shares in two subsidiaries. Comity is not offended where turnover orders "require defendants and the receiver to initiate foreign proceedings or undertake other actions necessary to obtain foreign bank or government approvals that would allow for the effectuation of the underlying judgments" (Pala Assets Holdings, Ltd. v Rolta, LLC, 206 AD3d 438, 439 [1st Dept 2022]). We also reject defendants' argument that turnover of certain stock in excess of the amount of the judgment is improper since the liquidation of stock to satisfy the judgment falls squarely within the role of a receiver (see e.g. Hotel 71 Mezz Lender, 14 NY3d at 318 ["A receiver has the authority to marshal and, if necessary, liquidate defendants' interests"]).
We agree with the motion court that the receiver has presented a valid basis for reviewing a precisely defined list of materials in defendants' former counsel's files, including those subject to attorney-client privilege, relating to (1) its representation of defendants in this action, but not other actions; (2) assets within the receivership order, including the shares subject to the turnover order; (3) any additional assets not previously disclosed; (4) defendants' post-trial transfer of assets; (5) the identity of the entities in control of defendants and their assets; and (6) defendants' efforts to insulate assets from recovery or otherwise avoid paying the judgment. Generally, a receiver "steps into the proverbial shoes" of the entity over which it has been given authority, and, where circumstances warrant, becomes the client of any law firm representing the entity (see S.E.C. v Ryan, 747 F Supp 2d 355, 362 [ND NY 2010]). Whether a party standing in the shoes of the owner acquires the entity's attorney-client privilege "turns on the practical consequences rather than the formalities of the particular transaction" (Tekni-Plex, Inc. v Meyner and Landis, 89 NY2d 123, 133 [1996]).
Here, the practical consequences of granting the receiver access to privileged materials are minimal since defendants are holding companies with no day-to-day operations other than to issue and purchase shares and granting that limited access is consonant with the receiver's duties to marshal and sell assets to satisfy the judgment (Tekni-Plex, 89 NY2d at 133). Significantly, the receiver has a fiduciary responsibility not to disclose information except for the limited purpose of satisfying the judgment (Commodity Futures Trading Com'n v Weintraub, 471 US 343, 355-356 [1985] [finding a bankruptcy trustee may control the debtor's attorney-client privilege because "[w]hen a trustee is appointed, the privilege must be exercised in accordance with the trustee's fiduciary duty to all interested parties"]). Defendants have not provided a basis for casting doubt on the receiver's fidelity to these duties.
Defendants have not presented any authority for the proposition that only a receiver who has been granted broad management authority should be permitted to access privileged materials for the limited purpose of enforcing the judgments, or that further guardrails, such as preliminary review by a referee, are warranted. A receiver may be permitted to reach a judgment debtor's materials subject to attorney-client privilege provided the receiver has a valid reason to do so, including, as here, to "assist him in taking legal action . . . to recover assets" of the judgment debtor (Commodity Futures Trading Com'n v Standard Forex, Inc., 882 F Supp 40, 44 [ED NY 1995]).
We previously rejected defendants' assertion that the court lacked personal jurisdiction over them with respect to the enforcement orders (AT&T Mobility Holdings B.V. v Grupo Salinas Telecom, S.A. de C.V., 239 AD3d 562, 563 [1st Dept 2025]). The court's order granting the receiver the authority to access tailored categories of privileged materials solely for the purpose of satisfying the judgment falls within that jurisdiction, since defendants' refusal to satisfy the judgment and turnover assets voluntarily was the sole cause of the receiver's need to reach privileged materials (id.; see Weintraub, 471 US at 353 ["[t]o the extent that management had wrongfully
diverted or appropriated corporate assets, it could use the privilege as a shield against the trustee's efforts to identify those assets"]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025